NO._____                                 40,136-11

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Ex Parte Paul Sturgeon
Relator/Applicant

On Application For Writ Of Mandamus
Cause NO. 1280723-A Application For Writ Of Habeas Corpus

Application For Writ Of Mandamus
Cause NO.1280723-A,248th District Court, Harris County,Texas

Application For Writ Of Mandamus

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 19 2015

Abel Acosta, Clerk

Paul Sturgeon
Relator Pro Se
TDCJ # 1948651
East Garza
4304 Hwy 202
Beeville, Texas 78102

I

On December 6, 2010, Paul Sturgeon, Relator, in The Above-Styled Cause, was indicted for the Third degree felony Offense Of Theft. The Indictment Reads : "

"On Or About September 23rd, 2010, in Harris County, Texas, Paul Sturgeon, did Then and There Unlawfully Appropriate by Acquiring And Exercising Control Over Property, Namely, One Motor Vehicle, Owned by Landy Leal, Of the Value Of Over Twenty Thousand dollars And Under One Hundred Thousand dollars, with The intent To deprive Landy Leal Of Property"

On June 23, 2011, Paul Sturgeon, Relator Was Convicted Of The Third degree Offense Of Theft Of A 2010 Black Mustang, Owned by Dollar Rent-A-Car (Landy Leal), A Charge That is Not Included in the Indictment. Paul Sturgeon, Relator, Was Sentenced To Nine Years in The TDCJ-ID. And Assessed A Nine Thousand dollars fine.

On June 23, 2011, Relator Timely filed A Written Notice Of Appeal in Cause No. 1280723. During The Appeals' Process, "New Evidence" Was Discovered That Was Available At Time Of Trial. Clearly And Unquestionably Proves Relator's "Actual Innocence". The "Newly Discovered" Evidence includes The following:

1) The Indictment in Cause No. 1280723, Which is Conclusive Evidence That unquestionably Proves Relator's Actually Innocence, He did NOT Steal A 2010 Black Ford Mustang.

2) The Complaint filed by the Complainant, Loundy Leal, on Oct. 7, 2010, in Cause No. 1280723. This Is Conclusive Evidence That unquestionably Proves That Relator had Effective Consent Of The Owner And Relator's "Actual Innocence". The Complaint Reads:

"On August 20, 2010, Paul Sturgeon, Rented A 2010 Black Ford Mustang From Dollar Rent-A-Car. The Car Was Due back On September 9, 2010, but The Car had not been Returned Or Located".

By And Through A Legal Written Rental Agreement (Contract No. Y0094637-4) Paul Sturgeon, Relator Acquired Owner's Effective Consent To Acquire, Exercise Control Over The 2010 Black Ford Mustang. Therefore, Accordingly, Theft did Not And Could Not have Occurred In Cause No. 1280723. In Texas The Court's has Held That "A Claim Of Theft Made in Connection With A Contract Requires Proof Of More Than An Intent To deprive And A Subsequent Appropriation Of The Property. If Only An Intent To deprive And Appropriation is Present in A Contractual Matter, There is No Criminal Conduct because Under terms of The Contract, One has The Right To "Deprive The Owner of Property" in Return for Consideration. See Wirth v. State, 347 S.W.3d 1161; And Baker v State, 986 S.W.2d 271.

In The Present Case, Paul Sturgeon, Relator, is Accused Of holding A 2010 Black Ford Mustang, Owned by Dollar Rent-A-Car, beyond The Expiration Period Of The Rental Agreement. This Clearly Proves That There is No Intent Of Theft At Time Of Taking Possession. See Peterson v State, 645 S.W.2d 807; And Griffin V. State, 614 S.W.2d 155

3) "Newly Discovered" Evidence Texas Law Penal Code sec. 31.04, Which Applies To Paul Sturgeon's Case in Cause No 1280723, Clearly States "

A person commits theft of service if, with intent to avoid payment for service that Actor knows is provided only for compensation ;

3) Have Control over Personal Property under (a written rental Agreement). The Actor holds the Property beyond the Expiration Of The Rental Agreement without the Effective Consent of the Owner Of The Property. And fails to pay the Applicable Rental Charge for for Property.

Texas Law Penal Code Sec. 31.04, is Conclusive Evidence That unquestionably proves that Paul Sturgeon, Relator is "Actually Innocent." Had this Evidence been Disclosed To The court And The Jury at Trial, it would have changed the Verdict And the Outcome At Trial because no Trier of Fact Could have Lawfully found Proof of Guilt beyond A Reasonable doubt.

In The Present Case. Although, it is Alleged That Paul Sturgeon, Relator Held the 2010 Black ford Mustang beyond the Expiration Of The Rental Period. The Owner Was Paid the Applicable Rental fees upon its Notice And Demand for payment. See 1) Newly discovered "Evidence. (Checking Account Debit Transaction. For $704.00, That was Requested by Dollar Rent-A-Car On Oct. 7, 2010. (The Date The Complaint was filed by The Complainant, Candy Leal, in cause No 1280723) And was Paid To Dollar · Rent-A-Car On Oct. 13, 2010.

4) "Newly Discovered" Evidence Checking Account Debit for #704.00, Paid directly To Dollar Rent-A-Car upon its Demand For Payment. On Oct. 7, 2010. This is Conclusive Evidence That unquestionably Proves Paul Sturgeon's, Relator's "Actual Innocence"; further, it Proves:

A) That Dollar Rent-A-Car had Possession Of The 2010, Black Ford Mustang On or before Oct. 7, 2010; because, According To Contract Payment is demanded, Only After The Return Of The Rented Vehicle.

B) Landy Leal Committed Perjury When She Alleged in Her Complaint That The Car had Not been Returned or Located.

## II

## Relator

2.01  Paul Sturgeon, TDCJ-ID No. 1948651, is Currently Incarcerated in The Texas Dept. Of Crim. Just.-ID., Garza East unit, 4304 Hwy 202. Bee County, Beeville, Texas 78102.

2.02  Relator, has Exhausted his Remedies And has No Other Adequate Remedy At Law

2.03  The Act Sought To be Compelled is Ministerial, Not discretionary in Nature T.C.C.P. Art. 11.071 Sec. 8 (C) Requires Respondent To Make Appropriate Written Findings Of Facts And Conclusions Of Law in Cause No. 1280723-A NOT LATER

than The 15th day after the date the Parties file their Proposed findings Of fact. (Relator's findings Of fact was submitted Mar 2, 2015) or Not later Than The 45th day after The date The Convicting Court's Order Determining Issues (ODI) was Made (Jan. 28, 2015) under Subsection 8(d). Whichever Occurs first. (March 14, 2015 is The 45th day)

2.04    Relator filed his Motion Requesting The Convicting Court To Timely Make Appropriate findings Of fact And Conclusions Of Law. So That Relator Will not Continue To induce The hardships Of Unlawful Incarceration. To date, Relator has not Received Any Response from The Respondent.

III

Respondent

3.01    Respondent, in his/her Capacity as Presiding Judge Of The 248th Judicial District Court Of Harris County, Texas has a Ministerial Duty To Timely Make Appropriate findings Of fact And Conclusions Of Law in Cause no. 1280723-A, (in all Criminal Proceedings) And Perform all Other duties imposed on The Judge by Law Pursuant To T.C.C.P. Art. 11.07. 248th Judicial District Court Presiding Judge Of Harris County, Texas    May be served at Criminal Court House, 1201 Franklin St. 16th Fl., Houston, Texas 77002.

"The Legislature Established The Limitations Periods Within Which Applications for Writ Of Habeas Corpus Must be Presented To The Court Of Criminal Appeals To Ensure That Post-Conviction Constitutional Claims Would be addressed and Resolved With Appropriate Speed, Efficiency and fairness." V.A.T.C.C.P. Art. 11.07

5-DF-11

See In Re Escareno, 297 S.W.3d 288 and Gibson V. Dallas County District Clerk, 275 S.W.3d 491

Tex Code of Crim. Proc. Art. 11.07 [Every Provision Relating To The Writ Of Habeas Corpus Must be favorably Construded in Order To give effect To the Remedy and Protects The Rights Of The Person seeking Relief Under It) see Ex Parte Kerr, 64 S.W.3d 414) (Tex. crim. App. 2007) The Purpose Of A Writ Of Habeas Corpus is To Obtain a Speedy and Effective aJudication Of a person's Rights To Liberation from illegal Restraint") (citing Blackledge V. Allison, 431 US 63, 97 S.CT. 1621, 52 Led 2d 136 (1977) [[T]he Very Purpose Of The Writ Of Habeas Corpus [is] To Safeguard a Persons freedom from Detention in Violation Of Constitutional Guarantees").

In The Instant Case, Relator's Application for Writ Of Habeas Corpus Was Reviewed by The State and The Convicting Court. In The State's Original Answer "State's Motion Requesting Designation Of Issues"; The State did Not Rebutt Nor deny Relator's Claims And Ground (s) for Relief Raised in Relator's Writ for Habeas Corpus. In fact, The State Agreed with Relator And There Afterwards, Motioned The Court To Order Designation Of Issues To be Resolved Regarding Relator's "Actual Innocence". After the Convicting Court's Review Of Relator's Writ Of Habeas Corpus And The State's Answer, The Court Too, found Controverted issues Regarding The Legality Of Relator's Incarceration And There After, Issued its Order Designating Issues (DOI) To be Resolved. The Court Did Not order A hearing in This Case. Therefore, The is Lawfully Required, Pursuant To T.C.C.P. Art. 11.07, Section 8 (c). To Make Appropriate Written findings Of fact And

Conclusion Of Law Within 45 day after Jan. 28, 2015, The date The Convicting Court Entered its Order Designating issues (O.D.I).

In This Case, The Relator has An Interest in The Convicting Court's Compliance With The Law Pursuant To T.C.C.P. Art. 11.071 sec. 8(C)

3.02    To date, Relator has Received No Response from Respondent. Regarding Respondent's Written findings Of Fact And Conclusions Of Law, having been Entered in Cause No. 1280723-A.

3.03.    Respondent's Refusal To Comply With T.C.C.P. Art. 11.071 sec 8 (C) Interferes With The District Clerk's Duty To Transmit The Application And The Related Record in Cause No. 1280723-A. To The Court Of Criminal Appeals Once The Convicting Court's Time Limitations has Expired because:

A) In its Order Designating Issues (O.D.I) The Convicting Court Ordered The District Clerk Not To Transmit Any documents In Cause No. 1280723-A. To The Court Of Criminal Appeals Until further Ordered by The Court.

Respondent has No Legal Authority To Order The District Clerk To Disregard Its Ministerial Duty by holding And Continue holding Relator's Application For Writ Of Habeas Corpus And The Related Record

B) Respondent's Refusal / failure To Comply With Tex. Law. T.C.C.P. Art. 11.071 sec. 8 (B) Leave The Record in Cause No. 1280723-A Incomplete. Pursuant To T.C.C.P. Art. 11.071. Sec 8 (D) upon The 45th

day, after the date the court determination was made under subsection (A). The Clerk of Court must immediately transmit to the court of Criminal Appeals a copy of the:

1) Application;
2) Answer;
3) Order entered by the convicting court;
4) Proposed findings of fact and conclusions of law; and
5) Findings of fact and conclusions of laws entered by the convicting court; and

2) To the Relator a copy of:

1) Orders entered by the convicting court;
2) Proposed findings of fact and conclusion of law; and
3) Findings of fact and conclusion of law entered by the court.

Due to the Trial Court's Interference, the District Clerk has failed in its Ministerial Duties.

Respondent doesn't have the authority to extend time limitations because the T.C.C.P. Art. 11.07 statute specifying procedure regarding applications for writ of habeas corpus does not supply authority to the trial court to extend the time limitations imposed by the statute, other than the 45 days extension allowed by the court's timely entry of an order designating issues (ODI) to be resolved see Martin V. Hamlin 25.S.W.3d 718 (CR. App. 2000)

As Is Clear From Respondent's Non-Compliance in Cause No. 1280723-A, Respondent's actions are in bad faith abuse Of Authority And a delay Tactic That Prejudice Relator's Cause and Denies Relator's Rights To Equal Protection, Due Process And Due Course Of Law guaranteed by U.S. Constitution And The State's Constitution.

From Jan. 28, 2015 - March 14, 2015, The Trial Court, Respondent had 45 days To Make Appropriate Written Findings Of Fact and Conclusion Of Law in Cause No. 1280723-A. On March 14, 2015, The Time Limitation Allocated To Respondent Expired And So did The Court's Legal Authority And The Court's Jurisdiction. Pursuant To T.C.C.P. Art. 11.071 § (C).

As Of March 15, 2015, Respondent No Longer has Jurisdiction Or Any Legal Authority in The Application For Writ Of Habeas Corpus in Cause No. 1280723-A. And The District Clerk Of Court Must Transmit The Application and all Related documents To The Court Of Criminal Appeals. Which Includes: A) Application;
B) Answer;
C) Order entered by The Convicting Court
D) Proposed Findings Of Fact and Conclusions Of Law; and
E) Findings Of Fact and Conclusions Of Law entered by The Convicting Court. (If Available)

Since The Trial Court's Authority And Jurisdiction has Expired, So has The Court's Order Issued To The Clerk Of Court Prohibiting The Transmittal Of The Application And Related Records.

## PRAYER FOR RELIEF

WHEREFORE, PREMISE CONSIDERED, RELATOR, Paul Sturgeon, Pro se Respectfully Request a finding That The Respondent has failed/Refused To Comply With T.C.C.P. Art. 11.071 sec 8 (C) by failing/Refusing To Make Appropriate Written findings of fact and Conclusions of law within The Time Limitations Allow by statute. (within 45 days After The date The Court Ordered Determination of Issues). Thereby, failing To Perform its Ministerial Duties. And Directly hindering The District Clerk Of Court from Performing its Ministerial Duties. When The Respondent failed To Timely Make Appropriated Written findings of fact And Conclusions Of Law. Respondent Voluntarily Waived its legal Authority And Jurisdiction in Cause no 1280723-A. Relator, further, Request a finding That Relator brought This Litigation in good faith and has Substantially Prevailed. Relator Prays For An Order directing The The District Clerk Of Harris County To Disregards The Court's Order Prohibiting The Clerk from Transmitting The Application And All Related Document To The Court Of Criminal Appeals And There After, Order The Clerk To Transmit To The Court Of Criminal Appeals. The Application And The Complete Record as described in T.C.C.P. Art. 11.071 sec. 8 (D)

Respectfully Submitted

By _____
RELATOR

10-DTH

Inmates Sworn Declaration

I, Paul Sturgeon, do swear under Penalty Of Perjury That The Facts and Allegations in The Above Application For Writ Of Mandamus Are True and Correct To The best Of My Knowledge.

Signed On This The 16th day Of March , 2015

_____ Relator

Certificate Of Service

I, Paul Sturgeon, do Hereby Certify That a True and Correct Copy Of The Above Application For Writ Of Mandamus Was Served On:
The Respondent by Placing Same in The United States Mail addressed
The Clerk _____ Of The Court Of Criminal
Appeals Of Texas, Supreme Court bldg., P.O. Box 12308, Austin. Texas 78711 _____
_____ On This The 16th day Of March 2015

Relator
Paul Sturgeon
1948651
East Barza
4304 Hwy 202
Beeville, Texas 78102

11-OF-11